IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**ANTONIO J. ARMSTRONG,**

                **Plaintiff,**

     v.                                  CASE NO. 08-3268-SAC

**SHAWNEE COUNTY JAIL, et**

                **Defendant.**


**O R D E R**

This matter is before the court on a complaint filed under 42 U.S.C. § 1983 by a pretrial detainee confined in the Shawnee County jail in Topeka, Kansas. Plaintiff proceeds pro se in this matter, and seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915.

*Motion for Leave to Proceed In Forma Pauperis*

Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the full $350.00 filing fee in this civil action. If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by the periodic payments from plaintiff's inmate trust fund account as detailed in 28 U.S.C. § 1915(b)(2). Because any funds advanced to the court by plaintiff or on his behalf must first be applied to plaintiff's outstanding fee obligations,[1] the court grants plaintiff

---

[1]*See* Armstrong v. Shawnee Co. Jail, Case No. 08-3185-SAC ($350.00 district court filing fee); Armstrong v. Shawnee County Jail, Case No. 08-3187-SAC ($350.00 district court filing fee).

leave to proceed in forma pauperis in the instant matter without payment of an initial partial filing fee. Once these prior fee obligations have been satisfied, however, payment of the full district court filing fee in this matter is to proceed under 28 U.S.C. § 1915(b)(2).

*Screening under 28 U.S.C. § 1915A*

Because plaintiff is a prisoner as defined by 28 U.S.C. § 1915(h),[2] the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

In this action, plaintiff seeks damages on allegations related to his altercation with Officer White at the Shawnee County jail on August 11, 2008.[3] The two defendants named in the complaint are the jail and Officer White. Plaintiff alleges this officer used unwarranted and excessive force in response to plaintiff's attempt to spit on the officer.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." West v.

---

[2] 28 U.S.C. § 1915(h) defines a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentence for, or adjudicated delinquent for violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

[3] Plaintiff also seeks the termination of Officer White's employment at the jail.

Atkins, 487 U.S. 42, 48 (1988).

The court first finds the Shawnee County jail is subject to being summarily dismissed from this action.  The facility itself is not a proper defendant because it is not an entity that can sue or be sued.  *See e.g.*, Marsden v. Federal Bureau of Prisons, 856 F.Supp. 832, 836 (S.D.N.Y. 1994)("jail is not an entity that is amenable to suit").

The court next finds plaintiff's allegations against Officer White are subject to being summarily dismissed because plaintiff's allegations against this defendant are insufficient to state a claim upon which relief can be granted under 42 U.S.C. § 1983.

To state a claim of being subjected to excessive force in violation of his constitutional rights, a prisoner must be able to show that force was applied maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline.  *See* Hudson v. McMillian, 503 U.S. 1 (1992)(stating Eighth Amendment standard).  Although plaintiff's excessive force claim arises under the Due Process Clause of the Fourteenth Amendment because he is a pretrial detainee, the same Eighth Amendment standard applies.   Meade v. Grubbs, 841 F.2d 1512, 1527 (10th Cir. 1988).  *See also*, Parsons v. Bd. of County Comm'rs, 873 F.Supp. 542 (10th Cir. 1994)(irrelevant whether plaintiff was pretrial detainee or convicted prisoner because plaintiff afforded no greater rights under Due Process Clause).

Plaintiff must establish both that he was harmed by the use of force, and that the use of force was unjustified or excessive under the circumstances.   Hudson v. McMillian, 503 U.S. 1, 6 (1992)

(constitutional excessive force claim must be supported by facts indicating an officer's use of force was objectively unreasonable and with the intention to cause harm).  Construing plaintiff's bare allegations as true and in the most favorable light, the court finds them insufficient to satisfy either threshold showing.

Plaintiff states Officer White used force to push plaintiff face first onto the bed with his fingers in plaintiff's hair and face, and his knee and elbow securing plaintiff's position. Plaintiff identifies no resulting physical or psychological injury, and his sparse allegations regarding this isolated incident are insufficient to show this defendant's actions were nothing more than a good faith effort to restore order in response to plaintiff's disruptive behavior at the time.  Although a showing of significant injury is not required, the good faith use of de minimis physical force is generally insufficient to state an actionable constitutional claim.  Id. at 10.  Not "every malevolent touch by a prison guard" gives rise to a federal cause of action.  Id.

*Notice and Show Cause Order to Plaintiff*

Accordingly, for the reasons stated herein, the court directs plaintiff to show cause why the complaint should not be dismissed as failing to state a claim upon which relief can be granted under 42 U.S.C. § 1983 against either defendant.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").  The failure to file a timely response may result in the complaint being dismissed for

the reasons stated by the court, and without further prior notice to plaintiff.[4]

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, and that collection of the $350.00 district court filing fee is to proceed as authorized by 28 U.S.C. § 1915(b)(2) once plaintiff's prior fee obligations in this court are fully satisfied.

IT IS FURTHER ORDERED plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

DATED:  This 10th day of December 2008 at Topeka, Kansas.

```
                              s/ Sam A. Crow
                            SAM A. CROW
                            U.S. Senior District Judge
```

---

[4]Plaintiff is advised that dismissal of the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) will count as a "strike" under 28 U.S.C. 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."